David M. Schlachter, Esq.
LAW OFFICES OF DAVID M. SCHLACHTER, LLC
8 Carefree Lane
Suffern, NY 10901
(973) 272-4768
Davids@lawdms.com – DS1694
Attorneys for Plaintiffs

14 CV 0230

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------
ROBIN K. YENCHO,
PATRICIA O. YENCHO

Docket No.

                    Plaintiffs,

**COMPLAINT**

CHASE HOME FINANCE, LLC.,
JP MORGAN CHASE BANK, NA,
AND GSR MORTGAGE LOAN TRUST
2007-1F, GOLDMAN SACHS MORTGAGE
CO.

U.S. DISTRICT COURT
FILED
JAN 13 2014
S. D. OF N.Y.

**Jury Trial Requested**

                    Defendants.
-----------------------------------------------------

Plaintiffs, ROBIN YENCHO and  PATRICIA YENCHO, (hereinafter "Plaintiffs"), by their

undersigned counsel, DAVID M. SCHLACHTER, ESQ. of LAW OFFICES OF DAVID M.

SCHLACHTER, LLC, for their Complaint alleges, upon personal knowledge as to themselves

and their own acts and upon information and belief as to all other matters, as follows:

## NATURE OF ACTION

1.      This matter is an Action for Quiet Title, fraud, wrongful indebtedness, wrongful

collection on a mortgage, slander of title, slander of credit, unjust enrichment and other rights

and remedies against Defendants,  who have fraudulently asserted possessory interests in the

debt obligations securing the Plaintiff's real property, induced the Plaintiff to rely on the

fraudulent assertions, induced Plaintiff to pay their mortgage debt obligations to parties who

have no cognizable claim to those debts, induced Plaintiff to sign a Loan terms against Plaintiff's best interests, have subjected Plaintiff to fraudulent debt obligations while remaining liable for legitimate debt obligations securing their real property, and unjustly enriching the Defendants as a direct consequence of the Defendants' fraudulent assertions. Wrongful conversion is also alleged.

2.      Plaintiffs are individuals who live at 3445 Buckinghammock Trail, in the County of Indian River, City of Vero Beach, State of Florida.

3.      Upon information and belief, Defendant Chase Home Finance is a division of JP Morgan Chase Bank, NA and is a bank that is located at 270 Park Avenue, New York, State of New York 10017.

4.      Goldman Sachs Mortgage Company is a financial institution with its principal offices located at 200 West Street, New York, State of New York 10282.

5.      GSR Mortgage Loan Trust is a Trust and it is located at 85 Broad Street, New York, State of New York 10004.

## JURISDICTION AND VENUE

6.       Plaintiff brings this matter to the United States District Court based upon 28 U.S.C. Sec. 1332, based diversity jurisdiction is also appropriate as the Defendants live in different States and the amount in dispute exceeds $75,000. Issue of federal law that is dispute between the parties is also appropriate and State questions of law are invoked pursuant to the pendant jurisdiction of the Court.

## CLAIMS

7.      On or about October 10, 2005, Plaintiffs obtained a $450,000 mortgage with Nationwide Advantage Mortgage Co. ("Nationwide").

8.      The mortgage had Mortgage Electronics Registration Services, Inc ("MERS") as nominee for Nationwide.

9.      Per MERS' own rules and regulation MERS can only be a recording services but it does not retain the power to buy and sell loans and mortgages.

10.     On or about June 12, 2008 MERS assigned the underlying mortgage to Defendant GSR Mortgage Trust 2007-1F. ("Trust").

11.     On or about July 13, 2010 the Trust assigned the mortgage to Defendant Chase Home Finance ("Chase").

12.     The Note in this matter  is not indorsed.

13.     There is a half-page space between the signatures and the bottom of the page.

14.     However, the Note contains an Allonge.

15.     The Allonge has a single indorsement.

16.     The indorsement reads in full: Pay to the Order of JP Morgan Chase Bank, NA Without Recourse Nationwide Advantage Mortgage Company.

17.     The Allonge appears to have a 'rubber stamped' signature.

18.     There is no Allonge from Nationwide to the Trust.

19.     There is no Allonge from the Trust to Chase.

20.     The Allonge transfers the Note from Nationwide to JP Morgan Chase while the assignments transfer the Mortgage from Nationwide to the Trust and then the Trust to Chase.

21.     The Mortgage follows the Note.

22.     If the Allonge and the Assignments are inconsistent then the transfers are a legal nullity.

23.     The inconsistencies point to fraud.

24.     Ownership of the Note and Mortgage are in serious question.

25.     Despite the lack of legal ownership, Chase foreclosed upon Plaintiffs with a non-judicial foreclosure process.

26.     The house was sold in December 2013.

27.     Thousands of dollars were collected from Plaintiffs by Chase and the Trust.

28.     Defendants have acted in concert to wrongfully collect thousands of dollars from Plaintiffs.

29.     Defendants have acted in concert to wrongfully take Plaintiffs' home.

30.     Defendant is not the holder of the Note and Mortgage with clear chain of title.

31.     Chain of title is broken and legally void.

<u>COUNT ONE – Wrongful Collection Practice</u>

32.     Plaintiff re-alleges all allegations made thus far.

33.     The Note in this matter never existed in the hands of the Trust.

34.     The mortgage was improperly transferred to Chase.

35.     The Note in this matter was never assigned by Defendants properly.

36.     Therefore, Defendant has no rights to enforce collection on the Note or the Mortgage.

37.     Defendants did enforce rights on the Note and Mortgage.

38.     Defendants did not provide Plaintiffs with the requisite notices before collection.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, against Defendant for the wrongful collection and wrongful prosecution of a foreclosure action, and for other such relief as this Court seems proper.

<u>COUNT TWO – Quite Title</u>

39.     Plaintiff re-alleges all allegations made thus far.

40.     The Allonge has no legal enforcement.

41.     Thus, the Note was not assigned from Nationwide.

42.     The chain of title never made its way from Nationwide to the Trust to Chase.

43.     The assignments of the Mortgage have no legal enforcement.

44.     The issue of possession and holder in due course is surrounded by the suspicion of fraud.

45.     Title, thus, never transferred to Defendant.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, and special damages against Defendant and an injunctive Order of Quiet Title of the Note and Mortgage, and other such relief as the Court deems proper.

COUNT THREE – FRAUD

46.     Plaintiff re-alleges all allegations made thus far.

47.     Defendant knew or should have known it does not possess true, legal title to the collection on the subject mortgage.

48.     Defendant continued to send notices to collect from Plaintiff anyway.

49.     When Plaintiff stopped paying the mortgage Defendant called Plaintiff several times a day.

50.     Defendant sent letters to Plaintiff to try to induce Plaintiff to pay money to Defendant.

51.     Defendant violated the Fair Debt Collection Practice Act by these actions.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, against Defendant for the wrongful collection practices, harassment, and fraudulent inducement, and other such relief as this Court deems proper.

<h2 style="text-align:center">COUNT FOUR – WRONGFUL CONVERSION</h2>

52. Plaintiff re-alleges all allegations made thus far.

53. Defendant did use the Court system in Florida to foreclose and possess the subject property.

54. Defendant did so recklessly or knowingly that it did not possess the Note and Mortgage.

55. Defendant now has possession of the property.

Wherefore, Plaintiff seeks an Order of judgment for wrongful conversion, damages, punitive damages, against Defendant for the wrongful collection practices, harassment, and fraudulent inducement, and other such relief as this Court deems proper.

<h2 style="text-align:center"><b>PRAYER FOR RELIEF</b></h2>

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a) Quieting title against Defendants;

b) Returning possession of the property to Plaintiff;

c) Expunging the debt obligations and instruments asserted by Defendants against Plaintiff's subject property from the record;

d) Granting damages to Plaintiff for Defendants' fraud;

e) Granting damages to Plaintiffs for Defendants unjust enrichment;

f) Granting punitive damages for the conduct and fraud.

g) Granting attorney's fees to Plaintiff.

h)  Other relief that this Court deems proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
December 14, 2013

By _____
David M. Schlachter, Esq.
LAW OFFICES OF
DAVID M. SCHLACHTER, LLC
579 Main Avenue
Passaic, New Jersey 07055
(973) 272-4768
DS1694
Davids@lawdms.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

ROBIN K. YENCHO,
PATRICIA O. YENCHO

                                       **Docket No.**

                    Plaintiffs,


CHASE HOME FINANCE, LLC.,
JP MORGAN CHASE BANK, NA,
AND GSR MORTGAGE LOAN TRUST
2007-1F, GOLDMAN SACHS MORTGAGE
CO.

                    Defendant.

-----------------------------------------------------------------


## SUMMONS / COMPLAINT


This certifies under the Fed. R. Civ. P. that this pleading is not made frivolously under law and it is only made in good faith.


                                  David M. Schlachter, Esq.
                                  LAW OFFICES OF DAVID M.
                                  SCHLACHTER, LLC
                                  DS - 1694
                                  8 Carefree Lane
                                  Suffern, NY 10901
                                  (212) 257-2190 phone
                                  (973) 272-4167 fax
                                  davids@lawdms.com
                                  Attorneys for Plaintiffs