UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ROBIN K. YENCHO and
PATRICIA O. YENCHO,

                   Plaintiffs,                            14-CV-230 (NSR)

    -against-

                                                        OPINION & ORDER

CHASE HOME FINANCE LLC,
JPMORGAN CHASE BANK, N.A., and
GSR MORTGAGE LOAN TRUST 2007-1F,
GOLDMAN SACHS MORTGAGE CO.,

                   Defendants.
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

       Plaintiffs Robin K. Yencho and Patricia O. Yencho ("Plaintiffs") commenced this action by complaint filed January 13, 2014, against Chase Home Finance LLC, JP Morgan Chase Bank, N.A., and "GSR Mortgage Loan Trust 2007-1F, Goldman Sachs Mortgage Co.," asserting four claims against all defendants: wrongful collection practice, quiet title, fraud, and wrongful conversion. JP Morgan Chase Bank, N.A. ("JPMC"), individually and as successor by merger to Chase Home Finance LLC, now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. For the reasons explained below, the Court grants the motion and dismisses all claims against JPMC and Chase with prejudice.

I. COMPLAINT

       The complaint alleges that Plaintiffs obtained a $450,000 mortgage with Nationwide Advantage Mortgage Co. ("Nationwide") on or about October 10, 2005, which financed real

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/2015

property in Florida.  *See* Complaint ("Compl.") (dkt. no. 1) ¶ 7.  Mortgage Electronics Registration Services, Inc. ("MERS") allegedly assigned the mortgage to GSR Mortgage Trust 2007-1F (the "Trust") on or about June 12, 2008.  *Id.* ¶¶ 9-10.  On or about July 13, 2010, the Trust assigned the mortgage to defendant Chase Home Finance LLC ("Chase").  *Id.* ¶ 11.

Plaintiffs contend the note, as opposed to the mortgage, is not indorsed.  *Id.* ¶ 12.  Rather, it contains an allonge, which is a slip of paper sometimes attached to a negotiable instrument that may reflect indorsements.  *Id.* ¶ 14.  The allonge has a single indorsement:  "Pay to the Order of JP Morgan Chase Bank, NA Without Recourse Nationwide Advantage Mortgage Company."  This allegedly signifies fraud, since there is no allonge reflecting the interim note transfer to the Trust and because inconsistencies between a note transfer and a mortgage assignment can render the transfers a legal nullity.  *Id.* ¶¶ 17-23.  At bottom, Plaintiffs contend ownership of the note and mortgage are "in serious question," and that Plaintiffs were therefore wrongfully foreclosed upon when they failed to pay their mortgage, which foreclosure occurred on August 27, 2010.  *See* Declaration of Marie Claire Dekar ("Dekar Decl.") (dkt. no. 10) Ex. D.

The public record indicates that Chase filed a mortgage foreclosure complaint in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida, in January 2010.[1]  The complaint alleged *inter alia* that Chase was a holder in due course of the mortgage note, had complied with all notice requirements of the Fair Debt Collection Practices Act, and was legally entitled to enforce the note and mortgage.  Dekar Decl. Ex. B.  Upon Plaintiffs' (there, defendants) default in the foreclosure action, Chase filed a motion for summary judgment which was granted by way of the aforementioned August 27, 2010 foreclosure

---

[1] Court filings in other lawsuits are quintessential materials of which the Court may take judicial notice.  *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (citing Fed. R. Evid. 201(b)).

judgment.  *Id.* Ex. C, D.  On February 17, 2012, Plaintiffs filed a motion to vacate the judgment, and the motion made substantially the same allegations as are made here:  Chase was not an "owner in due corse" [sic], on account of apparent "bifurcation" of the note and mortgage when transferred.  *Id.* Ex. E.  The Florida court denied that motion on July 8, 2013, finding an absence of excusable neglect for the default *and* finding that Plaintiffs lacked any meritorious defense to foreclosure.  *Id.* Ex. F.  The instant action followed.

## II. MOTION TO DISMISS STANDARD

On a motion to dismiss for "failure to state a claim upon which relief can be granted," Rule 12(b)(6) dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).  "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.* at 679.

When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Ultimately, determining whether a complaint states a facially plausible claim upon which relief may be granted must be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

3

### III. CLAIMS

#### A. FDCPA Claim

Count Three of the complaint alleges fraud, and, included within that count, is a claim that JPMC violated the Fair Debt Collection Practices Act ("FDCPA") by sending Plaintiffs debt collection notices without any legal right to collect.  *See* Compl. ¶¶ 47-51.  JPMC moves to dismiss the FDCPA claim on the grounds that (a) the claim is time-barred, since there is no allegation that notices were sent within a year of the January 13, 2014 date this action was filed (the notices and foreclosure were in 2010), and (b) the claim is meritless because there are no viable allegations concerning false or misleading statements in the notices that were sent.  Plaintiffs' opposition brief does not contest these grounds for dismissal.  That omission is fatal.  *See Lipton v. County of Orange, N.Y.*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.").  The FDCPA claim is dismissed.

#### B. Other Claims

Beyond that, Count One asserts wrongful collection practices on the note and mortgage because of legally invalid transfers of title to the instrument and the obligation.  Count Two seeks to quiet title to the Florida real property on the same basis.  Any residual allegations in Count Three can, at best, be construed to assert common law fraud through collection notices sent without any legal right.  Count Four asserts wrongful conversion of real property through foreclosure without a legal right.

JPMC moves to dismiss these claims on grounds of collateral estoppel and res judicata, arguing that any holder in due course and title questions were resolved in Florida state court, which resolution has a preclusive effect here.  In response, Plaintiffs argue that they

independently have stated unjust enrichment and fraud claims. More generally, Plaintiffs argue that this action pertains to a note and not to the Florida foreclosure.

Plaintiffs' unjust enrichment argument fails because the term "unjust enrichment" does not appear anywhere within the four counts listed in the complaint. Those counts incorporate by reference the preceding allegations, which do mention unjust enrichment, but such cursory references to a potential claim do not survive even a generous Federal Rule of Civil Procedure 8(a)(2) analysis. Further, even if Plaintiffs properly had pleaded an unjust enrichment claim, the claim would appear to derive from the same holder in due course dispute raised by Plaintiffs elsewhere in the complaint and would therefore fail on the merits for the reasons discussed below.

Moving to Plaintiffs' next argument, the complaint does not state an independent, viable common law fraud claim. It is remedial that fraud must be pleaded with particularity. *See* Fed. R. Civ. P. 9(b). Factual allegations must reflect the "who, what, when, where and how of the alleged fraud." *Bauman v. Mount Sinai Hosp.*, 452 F. Supp. 2d 490, 503 (S.D.N.Y. 2006). Here, the allegations do not come close to meeting that standard. Plaintiffs allege only that inconsistencies in the note and mortgage transfers "point to fraud." This contention is rote and conclusory. Among other deficiencies, the complaint does not specify which statements within collection notices were intentional misrepresentations, does not detail the circumstances of any motive to defraud, does not specify the defendant to which the fraud claim pertains, and does not specify the personnel associated with that defendant who possessed the required scienter. Conclusory labels of fraud or deception – as opposed to factual allegations concerning particular intentional misrepresentations, made at particular times, by particular people, through particular methods – are legally insufficient. *Shields v. CityTrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d

Cir. 1994) (Rule 9(b) is no "license to base claims of fraud on speculation and conclusory allegations."); *Shemtob v. Shearson, Hammill & Co.*, 448 F.2d 442, 444 (2d Cir. 1971) (noting that conclusory allegations of fraud will be dismissed under Rule 9(b)). Any common law fraud claim embodied in Count Three of the complaint is dismissed.

That leaves Counts One (wrongfully collection practice), Two (quiet title), and Four (wrongful conversion). The Court agrees with JPMC's characterization that, in substance, each of these claims challenges Chase's standing to have enforced the note and mortgage in Florida through foreclosure proceedings. This, in turn, compels the Court to consider whether full faith and credit need be given the Florida state court rulings.

Pursuant to 28 U.S.C. § 1738, a full faith and credit provision, the Court must give the Florida rulings the same preclusive effect a Florida court would. *Stochastic Decisions, Inc. v. DiDomenico*, 995 F.2d 1158, 1170 (2d Cir. 1993); *see also Estate of Keys v. Union Planters Bank, N.A.*, 578 F. Supp. 2d 629, 635 (S.D.N.Y. 2008) (applying state law on res judicata to determine preclusive effect of foreclosure judgment on federal litigation). At least two doctrines accomplish this result here and preclude the remaining claims.

First, collateral estoppel, or issue preclusion, bars re-litigation of an issue where the "identical issue has been litigated between the parties or their privies." *Gentile v. Bauder*, 718 So. 2d 781, 783 (Fla. 1998) (citations omitted). "The essential elements of collateral estoppel are that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction." *Weiss v. Courshon*, 768 So. 2d 2, 4 (Fla. Dist. Ct. App. 2000) (citations omitted). Collateral estoppel precludes the remaining claims against JPMC, because JPMC has submitted judicially-noticeable materials which establish that Plaintiffs and Chase litigated the very same holder in

due course challenge brought here, in the Florida foreclosure proceeding. *See* Dekar Decl. Ex. B-F.  In Florida, "[a] crucial element of any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose." *McLean v. JP Morgan Chase Bank Nat. Ass'n*, 79 So. 3d 170, 173 (Fla. Dist. Ct. App. 2012).  Standing to foreclose requires that the plaintiff be a holder of the note. *Deutsche Bank Nat. Trust. Co. v. Lippi*, 78 So. 3d 81, 83 (Fla. Dist. Ct. App. 2012).  A holder in due course finding was thus essential to the Florida foreclosure judgment.  Confirming that conclusion, the foreclosure complaint to which Plaintiffs defaulted specifically pleaded that Chase was a holder in due course. *Bay Fin. Sav. Bank, F.S.B. v. Hook*, 648 So. 2d 305, 307 (Fla. Dist. Ct. App. 1995) ("Florida law recognizes that a default judgment, like a final adjudication on the merits, can have a preclusive effect upon subsequent litigation.").  The Florida court also specifically rejected as meritless the contrary argument—that some "bifurcation" between note and mortgage made Chase a non-holder— which is an argument Plaintiffs expressly made in their motion to vacate. *See* Dekar Decl. Ex. E, F.  Accordingly, because holder in due course, title, and standing issues were litigated fully and determined conclusively in Florida, as among the same litigants and by a court of competent jurisdiction, this Court finds that collateral estoppel precludes re-litigation of those issues here.  This, in turn, undercuts all remaining claims because the gravamen of those claims is that Chase was not a holder in due course with title and standing to enforce the note and mortgage.

      Second, and similarly, under the doctrine of res judicata, "a final judgment in a court of competent jurisdiction is absolute and settles all issues actually litigated in a proceeding as well as those issues that could have been litigated." *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246, 1259 (Fla. 2006).  Four identities are required:  "(1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions; and (4) identity of the

quality or capacity of the persons for or against whom the claim is made." *Jasser v. Saadeh*, 103 So. 3d 983, 984 (Fla. Dist. Ct. App. 2012).  Here, the principal "things sued for" are the mortgage value as reflected in the note and title to the real property which secured the mortgage loan.  *See* Compl. ¶¶ 32 *et seq.*  The assets and legal rights at issue are substantially identical to those at issue in the Florida foreclosure proceeding.  Likewise, there is identity of the cause of action because, as discussed above, "facts essential to the maintenance of this federal action are identical to those facts which were essential to the maintenance of the prior state action." *Leahy v. Batmasian*, 960 So. 2d 14, 17 (Fla. Dist. Ct. App. 2007).  So too are the parties and capacities here identical to those in the Florida action.  Accordingly, the Court finds that res judicata also applies and precludes the remaining claims.[2]

---

[2] Because the Court has found a total absence of independent, viable common law fraud allegations under Rule 12(b)(6), the Court need not address the application of the *Rooker-Feldman* doctrine to this case.  *See Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *see also Babb v. Capitalsource, Inc.*, 14-cv-712, 2015 U.S. App. LEXIS 79, at *3 (2d Cir. Jan. 6, 2015) (noting that *Rooker-Feldman* does not bar well-pleaded federal claims seeking damages for fraud, although the doctrine otherwise limits federal court review of state court rulings).  The Court also notes that JPMC did not move to dismiss the complaint under *Rooker-Feldman* for lack of subject matter jurisdiction, and moved only pursuant to Rule 12(b)(6).

## IV. CONCLUSION

For the reasons stated above, the motion to dismiss is GRANTED and all claims against Chase Home Finance, LLC and JP Morgan Chase Bank, NA are dismissed with prejudice. The Clerk of Court is respectfully requested to terminate the motion at docket number 9 and to terminate Chase Home Finance, LLC and JP Morgan Chase Bank, NA from this action. Plaintiffs shall show cause in writing by January 30, 2015 why the complaint should not also be dismissed with prejudice as to the sole remaining defendant, GSR Mortgage Loan Trust 2007-1F, for lack of proof of service.

Dated: January 8, 2015
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge